UNITED STATES of America, Appellee,

v.

**Robert James BEISSEL, Appellant.**

**No. 89–5396.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1990.

Decided April 26, 1990.

---

**1468**

John Sheehy, Minneapolis, Minn., for appellant.

Richard Vosepka, Minneapolis, Minn., for appellee.

Before BOWMAN, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Robert James Beissel appeals from the district court's [1] order sentencing him to thirty months' imprisonment for his conviction for distribution of cocaine in violation of 21 U.S.C. § 841(a). We affirm.

On December 4, 1988, Beissel sold approximately four ounces of 77 percent pure cocaine to undercover officers for $4,500. The sale was arranged by an informant, an acquaintance of Beissel's, and took place in the parking lot of a gas station. Beissel entered the undercover vehicle at the station and instructed the undercover officers to drive around the block. During the transaction Beissel handed a one-ounce bag of cocaine to the undercover officer for inspection and retained the other three bags. Beissel was arrested after the sale.

At trial, Beissel argued the defense of entrapment. In its preliminary instruction at the outset of the trial the court stated: "Following the [government's] case, the defendant may—if he wishes—present witnesses, whom the government may cross-examine." The court also told the jury that it should not make inferences from the fact that the defense did not call witnesses. The government presented evidence that Beissel had been convicted for cocaine distribution in 1983. Neither Beissel nor the informant testified at trial. After the jurors had begun deliberations, they sent a written question to the court: "Is the defense attorney allowed to call witnesses of his choice?" In response to this question, the court informed the jury from the bench that the "defendant may, but need not, call witnesses." The court also reread the instruction on the government's burden of proof:

> The burden of proof is on the government until the very end of the case. The

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

defendant has no burden to prove his innocence or to present any evidence or to testify. Since the defendant has the right to remain silent, the law prohibits you, in arriving at your verdict, from considering that the defendant may not have testified.

The court then went on to state:

And I may add, to that, that the same applies to any witnesses that the defendant may have or may not have called.

That is, you may not infer—from the fact that the defendant did not call witnesses—that there is anything else.

In other words, the defendant does not have an obligation to call witnesses; and, from that, you may not infer that there was someone that could have been called or should have been called.

■ Beissel asserts that the government failed to prove beyond a reasonable doubt that he had a predisposition to distribute cocaine. In order for a jury verdict to be overturned, "a reasonable minded juror *must* have a reasonable doubt." *Rothgeb v. United States*, 789 F.2d 647, 648 (8th Cir.1986) (citation omitted) (emphasis in original). We will reverse for the government's failure to establish predisposition only when the evidence clearly indicates

that a government agent originated the criminal design; that the agent implanted in the mind of an innocent person the disposition to commit the offense; and that the defendant then committed the criminal act at the urging of the government agent.

*United States v. Resnick*, 745 F.2d 1179, 1186 (8th Cir.1984) (quotation omitted). We review the evidence in the light most favorable to the government, and all reasonable inferences are drawn in the government's favor. *Rothgeb*, 789 F.2d at 648.

Beissel relies on *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). There, however, the defendant established that he was a recovering drug addict who could not resist the temptation to become reinvolved in drugs. No such showing was made in this case. Beissel cites *United States v. Dion*, 762

F.2d 674 (8th Cir.1985), *rev'd in part on other grounds*, 476 U.S. 734, 106 S.Ct. 2216, 90 L.Ed.2d 767 (1986), but we find it unpersuasive. In *Dion*, we reversed a conviction for failure to prove beyond a reasonable doubt the defendant's predisposition to kill and sell bald eagles. In *Dion*, however, the defendant was able to establish that he had never killed a protected bird and that he believed it was against his Native American religious beliefs to shoot an eagle. *Id.* at 688.

■ The government presented evidence that Beissel had been convicted on a similar charge in 1983. A prior conviction for a similar crime is strong evidence of predisposition. *See United States v. Parrish*, 736 F.2d 152, 156 (5th Cir.1984). The government also presented evidence that Beissel was able to procure a large amount of cocaine, which indicated that he had ties with a source. A defendant's ability to supply large quantities of drugs shortly after being requested to do so is probative evidence of predisposition. *United States v. Dickens*, 524 F.2d 441, 445 (5th Cir.1975), *cert. denied*, 425 U.S. 994, 96 S.Ct. 2208, 48 L.Ed.2d 819 (1976). Beissel's conduct during the undercover purchase, specifically his request to drive around during the transaction, indicates that on the "continuum between the naive first offender and the streetwise habitue," *Dion*, 762 F.2d at 688 (quoting *United States v. Townsend*, 555 F.2d 152, 155 (7th Cir.), *cert. denied*, 434 U.S. 897, 98 S.Ct. 277, 54 L.Ed.2d 184 (1977)), Beissel falls nearer the experienced end of the scale. We therefore conclude that the government met its burden of proving that Beissel had a predisposition to distribute cocaine.

■ Beissel also contends that the court erred when it responded to the jury's question by advising them that a defendant may call witnesses. Beissel asserts that he had rested his case without putting on a case in reliance on the court's rulings that the entrapment defense had been properly raised and that the government could not comment on Beissel's decision not to call witnesses. Beissel maintains that if he had been informed that the court would in-

struct the jury that he had the right to call witnesses, he would have addressed that subject in his closing argument and would not have rested without taking the stand and without calling other witnesses who were under subpoena.

Although a court is required to rule on instructions prior to arguments under Fed. R.Crim.P. 30, the court did not err here. The district court's response reiterated instructions that had been previously given. We therefore find no error in the district court's supplemental instruction in response to the jury's note.

Having carefully reviewed the record, we find Beissel's remaining arguments to be without merit.

The district court's order is affirmed.